UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-62264-MGC

Patricia Kennedy,
    Plaintiff,

v.

PR Tahiti LLC,
    Defendant(s).
_____

**PLAINTIFF'S VERIFIED APPLICATION FOR
ATTORNEYS' FEES, COSTS, EXPERT'S FEES AND LITIGATION
EXPENSES AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

    Plaintiff, Patricia Kennedy, ("Plaintiff"), pursuant to Local Rule 7.3 and 42 U.S.C. §12181, *et seq*. ("Americans With Disabilities Act" or "ADA"), makes this Verified Application for Attorneys' Fees, Costs, Expert's Fees and Litigation Expenses and in support states as follows:

**SUMMARY**

    In its March 5, 2020 Order granting Plaintiff's Motion for Entry of Judgment After Default, this Court held the Complaint sufficiently pleaded a "claim that Defendant's reservation system . . . infringed the Plaintiff's rights under the ADA." [ECF 17]. On the same day, this Court entered a Final Judgment of Default. [ECF 18]. Now, Plaintiff seeks an award of attorneys' fees, costs, expert's fees and litigation expenses. Plaintiffs' counsel certifies that they have fully reviewed the time records and supporting data and that the motion is well-grounded in fact and justified. Further, this Motion is made in good

1

faith and it is timely-filed pursuant Local Rule 7.3(a)(1).

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff filed her complaint seeking injunctive relief and attorneys' fees and costs pursuant to 42 U.S.C. §12181, *et seq*. ("Americans With Disabilities Act" or "ADA") on September 11, 2019 [ECF 1]. Defendant was served with the summons and complaint on October 4, 2019 [ECF 9, 9-1]. The Defendant failed to file an answer. Thus, on October 29, 2019, Plaintiff filed a Request for a Clerk's Default [ECF 10] and a Clerk's Default was entered against Defendant on the same day [ECF 11]. After the Clerk's Default was entered, Plaintiff filed her Motion for Entry of Default Judgment ("Default Motion"). [ECF 12]. This Court entered an Order to Show Cause on January 21, 2020 commanding Defendant to show cause as to why Plaintiff's Default Motion should not be granted on or before February 3, 2020. [ECF 14] .

Defendant did not respond or otherwise defend or plead in response to this Court's Show Cause Order by the February 3, 2020 deadline. Thereafter, on February 5, 2020, this Court entered its Order denying without prejudice Plaintiff's Default Motion but allowing Plaintiff to file a renewed motion. [ECF 15]. Plaintiff filed her Renewed Motion for Entry of Judgment After Default on February 20, 2020. [ECF 16].  This Court entered its Order Granting Motion for Entry of Judgment After Default and its Default Final Judgment ("Default Judgment Order") on March 5, 2020. [ECF 17, 18].

In its Order granting Plaintiff's Renewed Motion, this Court found that the "Complaint adequately established subject-matter jurisdiction" and "sufficiently pleads a claim" of Defendant's website violations of the ADA. *See* Order at p. 2.  [ECF 17].

In the Default Final Judgment, this Court Ordered judgment in Plaintiff's favor and directed Defendant to bring its web site into compliance with the ADA 28 C.F.R. 36.302(e) within six months and ensure that it remains in compliance in the future. [ECF18].

Having prevailed in underlying action, Plaintiff now files this Verified Application for Attorneys' Fees, Costs, Expert's Fees And Litigation Expenses (the "Fee Application") pursuant to 42 U.S.C. §12181, *et seq.*, which is timely filed pursuant to Local Rule 7.3(a).

## **MEMORANDUM OF LAW**

### I.   **Entitlement to Attorneys' Fees, Costs, Expert Fees and Litigation Expenses**

Title 42 U.S.C. § 12205 entitles a prevailing party to recover his, her or its attorneys' fees, litigation expenses and costs from the non-prevailing party. In *Buckannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 US 598, 607 (2001), the Supreme Court recognized that a "prevailing party" for purposes of fee-shifting is one to whom a court awarded "some relief," and that there was no requirement that such award only follow "'a full trial on the merits[.]'" It is sufficient that a party obtain a "judicially sanctioned change" in the parties' relationship. *Am. Disability Ass'n v. Chmrielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002).

In this case, Plaintiff is the prevailing party because she was awarded "some relief" and obtained a "judicially sanctioned change" in the parties' relationship.

This Court granted Plaintiff "some relief" when it entered its Default Judgment Order finding that the Complaint adequately established subject-matter jurisdiction and sufficiently pleaded a claim that Defendant PR Tahiti's reservation system infringed Plaintiff's rights under the ADA. *See* Default Judgment Order, pp. 2-3. [ECF 17].

3

Following entry of the Default Judgment Order, this Court "judicially sanctioned" a change in the parties' relationship by commanding that Defendant bring its web site into compliance with the ADA 28 C.F.R. 36.302(e) within six months and to implement a policy to ensure that it remains in compliance in the future. [EFC 18]. Thus, in the Default Judgment Order, the Court not only granted "some relief," but in fact awarded to Plaintiff the precise relief she sought.

Since this Court both awarded Plaintiff "some relief" and commanded a "judicially sanctioned change" in the parties' relationship, Plaintiff is the prevailing party in this action. Accordingly, as the prevailing party, Plaintiff is entitled to recover her attorneys' fees, litigation expenses and costs.

## II.  Calculating Attorneys' Fees

Once *entitlement* to attorney fees has been established, the Court must then determine the amount. The Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) opined that a useful starting point for determining the quantum of fees is to multiply the number of attorney-hours expended by a reasonable hourly rate.

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable, comparable skills, experience and reputation. *See Marisol A. v. Giuliani*, 111 F.Supp.2d 381 (S.D.N.Y.2000). The relevant community to which the Court should look is the District in which the case was brought. *Patrolmen's Benevolent Assn of the City of New York, Inc. v. The City of New York*, 2003 WL 21782675 (S.D.N.Y. 2003); *AR v. New York City Department of Education*, 407 F.3d 65 (2d Cir 2005); *Access 4 All, Inc. v. Park Lane Hotel, Inc.*, 2005

4

WL 3338555 (S.D.N.Y. 2005). In this case, the relevant district is the Southern District of Florida.

In the Southern District of Florida the prevailing the market rate for attorneys—both plaintiff and defense counsel—of comparable skills, experience and reputation similar to those sought by Plaintiff in this case.

For example, civil rights defense attorney Kenneth Minerley's rate of $395/hour was found reasonable in 2017. **See Exhibit A,** at p. 4. Nearly a decade ago, in 2011, a court in the Middle District of Florida held that $420/hour was a reasonable rate for defense attorney Brian Blair.[1] **Exhibit B.** Also in 2011, Baker Hostetler charged its clients at the hourly rates of $375 for an attorney of 8 years; $375 for an attorney of 6 years. *Id.* In 2012, defense attorney Dana Watts submitted an affidavit in the Middle District advising the Court that he charges $300 per hour, even though he had handled fewer than 10 ADA cases. **Exhibit C.** That same year, an "expert" opined in an affidavit that the "typical" hourly rate charged by defense attorneys in 2012 was $350.00. **Exhibit D**.

As far back as 2006, attorneys from the firm of Lydecker Lee who litigated cases similar to this one in the Southern District of Florida charged its clients the hourly rate of $340.00/hour for attorneys with just 2-4 years' experience and $385 per hour for an attorney with 7 years' experience. See **Exhibit E**. More recently, in 2016, Fort Myers defense attorney Denise Wheeler Wright (admitted 1994) charged $410/hour. **See Exhibit F.** Finally, defense attorney Daniel Levine filed timesheets in *Lord v. PBG Delivery Dudes, LLC*, 9:18-cv-80665-RLR, DE 14-8 (S.D. Fla. 8/7/18) indicating that he

---

[1] Mr. Blair has been a practicing attorney since 1993[1], four years fewer than Attorney Bacon.

5

charges an hourly rate of $425/hour. Those rates were approved. *Id*. at DE 15. **See Exhibit G.**

Here, attorney Bacon has been a practicing attorney for 29 years. He has been a member of the Pennsylvania Bar since 1989. He has been a member of the Florida Bar since 1998. He has been a member of the Georgia Bar since 2008. He is a member of the United States District Courts For The Western District Of Texas, Southern District Of Florida, Middle District Of Florida, Northern District Of Florida, Northern District Of Georgia, Northern District Of Illinois, Western District Of Pennsylvania, Eastern District Of Pennsylvania, District of Puerto Rico and the U.S. Courts Of Appeals for the Second, Third, Fourth, Sixth and Eleventh Circuits.

The Affidavit, resume and timesheets of Thomas B. Bacon are attached as composite **Exhibit H**. Attorney Bacon has successfully handled several hundred Title III ADA cases in the past several years. He has handled such cases in all of the above courts, and has handled many additional cases on a *pro hac vice* basis in the following United States District Courts: Northern District Ohio, Southern District Ohio, Western District New York, Southern District New York, Eastern District New York, District of Massachusetts, District of Maryland, Eastern District of Virginia, District of South Carolina, Eastern District of North Carolina, Middle District of North Carolina, Middle District of North Carolina Northern District of Georgia, Western, Middle and Eastern Districts of Pennsylvania and the District of New Jersey. Attorney Bacon seeks an hourly rate of $425.00.

The Affidavit, resume and timesheets of Suzette M. Marteny Moore is attached as composite **Exhibit I** ("Moore Affidavit"). Attorney Moore has been an attorney since 2003

and is a member in good standing in the Florida Bar. *Id*. She is a member of the United States District Courts For The District of Colorado, Southern District Of Florida, Middle District Of Florida, Northern District Of Florida, the U.S. Courts Of Appeals for the Eleventh Circuit, the United States Court of Claims, and a registered patent attorney in The United States Patent and Trademark Office (Reg. No. 53, 273). Suzette Moore seeks an hourly rate of $350.00.

Attorney Thomas Bacon and other attorneys acting as co-counsel in similar cases have been routinely awarded attorneys' fees based on rates that were the same or comparable to those requested here as far back as 2013.[2]

Another point to consider when awarding fees is that plaintiffs lawyers take on more risk than defense lawyers. Defense lawyers are often paid on an hourly basis and get paid regardless of the outcome of the case. They also do not incur any out-of-pocket

---

[2] For example, in *Kennedy v. Rushi Hospitality LLC*, 18-cv-62259-WPD, DE 26 (S.D. Fla. 2/6/19), the court awarded fees at a reasonable rate of $430/hour for Thomas B. Bacon. In *Kennedy v. Dockside View*, LLC, 2:18-cv-14444-KAM, DE 8 (S.D. Fla. 1/19/19), the court granted the requested rate of $425.00 for Thomas B. Bacon. In *Kennedy v. Satya Group*, 17-14393-Rosenberg DE 15 (S.D. Fla.), one court found that the attorneys' fees requested by Plaintiff (at a rate of $425.00 per hour for attorney Thomas B. Bacon) were reasonable. In *Access For The Disabled, Inc. v. Sneekie Pete's Brew & Grille, Inc.*,12-60288-Middlebrooks, DE 29 (S.D. Fla. May 15, 2013), Thomas B. Bacon was awarded the hourly rate of $390.00. This rate was awarded after the Court reasoned that it had been lowered because Mr. Bacon had assumed control in a late stage of the case. In *Access For The Disabled, et al. v. Baers Furniture Co., Inc.*, Case No. 0:07-cv-60953-KAM [DE 29] (S.D. Fla. DE 29, March 16, 2011), the United States District Court For the Southern District of Florida issued a Report and Recommendation awarding fees to Attorney Thomas B. Bacon at the hourly rate of $350.00. In *Gomez v. Sun Cuisine, LLC*, 1:18-cv-22194-RNS, DE 19 (S.D. Fla. 12/21/18), Judge Scola awarded Thomas B. Bacon the hourly rate of $425 and an another attorney Duane Crooks, the rate of $400.00. In *Kennedy v. Pacifica Tampa Ltd Partnership*, 5:17-cv-442-JSM-PRL, DE 9 (M.D. Fla. 3/2/18), Judge Moody awarded $425 to Attorney Thomas B. Bacon. *In Kennedy v. Stuart Centre Investors, LLC*, 2:16-cv-14262 (S.D. Fla. 11/15/16), Attorney Phil Cullen was awarded his full fees at the rate of $420.00 (Compare DE 13, requesting the hourly rate of $420, with DE 16, awarding the requested fees without discount). Cullen and Bacon were awarded $400/hr in *Kennedy v. Fountains of Boynton Assoc.*, I6-8I9OZ-CIV-MARRA, DE 22 (S.D.Fla. 11/6/17). Phil Cullen was awarded $420/hr in *Kennedy v. 5096 Forest Hill Investments, LLC*, No. 9:15-cv-8100l-Rosenberg, DE 21. Judge Rosenberg explicitly found the rates to be reasonable and cited to *Houston v. South Bay Investors, No. 101, LLC*, 2013 W L 3874026 (S.D. Fla. July 25, 2013), a case in which the court found a rate of $420 for an attorney and a rate of $115 for paralegal work to be reasonable. In 2018, Thomas B. Bacon was awarded the hourly rate of $425 and Kathy Houston awarded the hourly rate of $350.00 in *Kennedy v. Satya Group, LLC*, Case Number: 2:17-cv-14393-RLR, DE 15 (S.D. Fla. 1/3/2018). In *Kennedy v. JM Three f/g/rp Corp*, 9:15-cv-80068-Marra, Judge Marra awarded Plaintiff's counsel $400.00 per hour. See DE 12, 14. In 2017, Attorneys Bacon and his co-counsel were awarded $375/hr in *Kennedy v. Jupiter AA Hotel, LLC*, 17-80215-CIV-MARRA, DE 23 (S.D. Fla. 11/6/17). In *Kennedy v. Astoria Hotel Suites, LLC*, 19-cv-60160, DE 18 (S.D. Fla. 3/22/19), a court awarded the hourly rate of $425 to Thomas B. Bacon and $400 to co-counsel Kimberley Corkill.

expenses. By contrast, plaintiffs' lawyers, including the undersigned counsel here, are paid only if Plaintiff prevails. In the event of loss, Plaintiff's counsel suffers monetary losses in the form of expert fees, filing fees, process server and mediation fees. Given the risk involved, Plaintiff's counsel should be awarded higher hourly rates than the rates charged by defense attorneys with less experience.

Here, attorney Bacon has nearly 30 years of experience and co-counsel Moore has nearly 17. Both counsel have litigated numerous civil rights cases, and the requested rates $425/hour for Attorney Bacon and $350/hour for Attorney Moore are similar or the same as the prevailing market rates charged by the other attorneys—both plaintiff and defense counsel—of comparable skills, experience and reputation prevailing in the relevant district – the Southern District of Florida.

### A. The Amount Involved and The Results Obtained

The Supreme Court has held that the most critical factor in determining the reasonableness of a fee award is the degree of success obtained. *Hensley*, 461 U.S. at 436; *Farrar v. Hobby*, 506 US 103, 114 (1992). See also *Pearson v. Fair*, 980 F.2d 37 (1st Cir. 1992).

Plaintiff submits that the benefit of the litigation to the public as a whole is a crucial factor under the Johnson analysis when determining fees. Public policy may support an award of attorneys' fees in civil rights cases when the Plaintiff has sued to vindicate a public right at a cost high in comparison to the actual damages suffered. *Knight v. Auciello*, 453 F.2d 852 (1st Cir. 1972). As such, in assessing attorneys' fee under the ADA, the Court must consider the benefits to the public as a whole attained as a result of the civil rights action.

In *Villano v. Boynton Beach*, 254 F.3d 1302, 1306 (11th Cir. 2001) the Court held that "successful civil rights actions vindicate a public interest ... [and] [p]ublic benefit is a distinct measure of success in civil rights actions and ... a court must account for that distinct measure of success when calculating an award of fees and costs."

As required under the law, Plaintiff respectfully requests that the Court give proper weight to the public interests that were vindicated for the Plaintiff and disabled persons as a result of this litigation. Defendants should now be required to make its premises fully compliant which will assist not only the Plaintiff but also all disabled persons. See *Hensley*, 461 U.S. at 1940 (where a Plaintiff has obtained excellent results, his attorney should recover a fully compensable fee).

As one court referenced in *Village Nurse Association of North Shore, Inc v. Bullen*, 1995 U.S. Dist. Lexis 21935 (D. Mass. 2006),

> As the Senate noted upon the enactment of 42 U.S.C. § 1988, all of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these law contain[.]

(citation and internal quotations omitted).

In the case at bar, Plaintiff obtained significant beneficial results which substantially increase the accessibility of Defendants' facility to wheelchair disabled individuals.[3]

### B.     The Time and Labor Required

Appropriate time and effort was required to obtain the resolution of this case. Plaintiff filed this action requesting that Defendants timely remove barriers to access at

---

[3] This is a suit for injunctive relief and no monetary damages are sought. Therefore, the "amount involved" is inapplicable as a factor in this action.

9

its premises so that Plaintiff and other wheelchair bound disabled persons could avail themselves of the same goods and services enjoyed by the general public.

As set forth in the time sheets and docket entries, the undersigned attorneys spent a reasonable amount of time on this matter that was necessary to bring this matter to conclusion with the beneficial results obtained.

Attorney Bacon is the supervising attorney, oversees the work of attorney Moore and Mr. Bacon is the attorney who initially assesses all cases before they are opened. This timesheet includes time expended by Plaintiff's counsel in drafting this Fee Application. Any and all time incurred by Plaintiff's counsel in filing, preparing and litigating this fee application and any fee hearings thereon is compensable. *See Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990); *Guerrero v. Commings*, 70 F.3d 1111 (9th Cir. 1995); *Davis v. City and County Of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992); *Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist.*, 71 F.3d 1053 (2d Cir. 1995); *Barlow-Gresham Union High School District No. 2 v. Mitchell*, 940 F.2d 80 (9th Cir. 1991); *Lund v. Affleck,* 587 F.2d 75 (1st Cir. 1978); *Gagne v. Maher*, 594 F.2d 336 (1979); *Johnson v. State of Mississippi*, 606 F.2d 635 (5th Cir. 1979); *Bagby v. Beal*, 606 F.2d 411 (3d Cir. 1979); *Prandini v. National Tea Company,* 585 F.2d 47 (3d Cir. 1978).

**C.      The Novelty And Difficulty Of The Questions Presented And The Skill Requisite To Perform The Legal Service Properly**

Thomas B. Bacon and Suzette M. Marteny Moore regularly represent disabled plaintiffs in actions against places of public accommodations seeking the removal of ADA violations. It is estimated that there are very few firms nationwide that litigate Title III ADA claims. Thus, Thomas Bacon and the undersigned have developed forms and procedures

aimed at reducing the number of hours incurred at the inception of the case. For example, a complaint that would normally require 20-50 hours to generate only requires 2-4 hours for these attorneys.

Such efficiency, however, should not be construed as an indication that ADA cases do not present novel and difficult questions. To the contrary, representation of plaintiffs in ADA actions presents numerous issues regarding entitlement to injunctive relief, standing, barriers to access, undue burden, exemptions, new construction and alterations versus pre-ADA construction, extensive knowledge of the ADAAGs (relevant ADA accessibility guidelines), Technical Assistance Manual and a multitude of other guides issued by the Department of Justice, and regulations pertaining to hotel online reservations systems.

Plaintiff submits that the novelty and difficulty of the issues presented in ADA actions, and the skill requisite to properly address such issues justify a higher rate than many other areas of practice.

D.  **The Preclusion Of Other Employment Due To Acceptance Of The Case And The Undesirability Of The Case**

It has been recognized that plaintiff and his attorneys in cases such as the one at issue herein are the subjects of "vitriolic hostility." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996). They are often the subjects of negative publicity, have been called "professional pawns" by some detractors and a "cottage industry" by others. Some courts, on the other hand, have recognized such civil rights advocates as "private attorney generals." *See e.g.*, *Hensley*, 461 U.S. at 445. It is seldom admitted that the primary, and perhaps singular, reason public places are beginning to comply with the obligations of the ADA is because of these private attorney generals filing enforcement suits.

11

Yet, because of the negative publicity and attitude that many have toward Title III ADA actions, the undersigned is predictably precluded from other employment based on acceptance of the case. For instance, it is highly unlikely that undersigned counsel will attract business clientele. It has been recognized that civil rights plaintiffs' work is oftentimes undesirable, and that plaintiffs' attorneys are economically impacted by their decision to help the civil rights litigant. As explained in *Johnson v. Georgia Highway Exp., Inc.,* 488 F.2d 714, 719 (5th Cir. 1974):

> Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant . . . . Oftentimes his decision to help eradicate discrimination is not pleasantly received by the community or his contemporaries. This can have an economic impact on his practice which can be considered by the Court.

Additionally, in the instant case, the undersigned attorneys expended the time referenced above in the prosecution of this action. This time, spent on a contingency basis, could have been spent on other matters.

**E.     The Customary Fee And Fees Awarded In Similar Cases**

Discussed *supra*.

**F.     Whether The Fee is Fixed or Contingent**

The fee in the instant action is contingent. In fact, Plaintiff's counsel has incurred significant expenses. Moreover, there is no certainty that Plaintiff's counsel will receive any compensation at all. Therefore, in setting a reasonable hourly rate, Plaintiff submits that this Court should award the higher range of rates to account for the length of time and uncertainty that counsel would be paid at all.

**G.     The Time Limitations Imposed by the Client or Circumstances**

Because the barriers to access complained of by Plaintiff restricted and/or limited Plaintiff's access to the subject Property, time was of the essence. Every day that passed while the undersigned did not work on the case and make every effort to expedite its resolution, by pursuing litigation, was another day that the subject property would remain inaccessible.

**H.    The Experience, Reputation and Ability of the Attorneys**

The qualifications and experience of counsel were discussed, *supra*.

**I.    The Nature and Length of the Professional Relationship with the Client**

The undersigned attorney as well as Thomas B. Bacon have represented plaintiffs in several other actions and have a continuing relationship with their clients. This has led to increased efficiency in the prosecution of this litigation.

**IV.    COSTS AND LITIGATION EXPENSES**

A Bill Of Costs And Expenses is attached hereto as ***Exhibit J***.

**A.    Costs**

A prevailing party is entitled to costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. These costs are defined by 28 U.S.C. § 1920, which provides for recovery of, *inter alia*, (1) fees of the Clerk and process server; (2) court reporter fees "for all or any part of the stenographic transcript obtained for use in the case"; (3) fees for printing and witnesses; (4) fees "for exemplification and copies of papers necessarily obtained for use in the case"; and (5) docket fees. Additionally, in civil rights actions, a prevailing party may recover expenses not normally available under § 1920. *See Dowdell v. City of Apopka*, 698 F. 2d 1181, 1189-92 (11th Cir 1983). Such additional expenses cover "with the exception of routine overhead, normally absorbed by the practicing

attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of the settlement of the case." *Id*. at 1192. *Dowdell* reversed the lower court for its refusal to tax travel, telephone and postage expenses as costs.

In *Davis v. Mason County*, 927 F. 2d 1473, 1488 (9th Cir. 1991), the Ninth Circuit discussed the recovery of travel expenses under 42 USC §1988:

> Mason County fails to see that like the expert witness fees, the travel expenses were not granted as costs under section 1920, but rather as out-of-court expenses compensable under section 1988. Courts have generally held that expenses incurred during the course of litigation which are normally billed to fee-paying clients should be taxed under section 1988. *Dowdell*, *supra* at 1190, *Palmigano v. Garraby*, 707 F. 2d 636,637 (1st Cir. 1983); *Northcross v. Board of Education*, 611 F. 2d 624, 639 (6th Cir. 1979); <u>cert. denied</u>, 447 U.S. 911 (1980).

As the Eleventh Circuit said in *Dowdell*:

> Reasonable attorney's fees' under the (Attorney's Fee Awards) Act must include reasonable expenses because attorney's fees and expenses are inseparably intertwined as equally vital components of the cost of litigation. The factually complex and protracted nature of civil rights litigation frequently makes it necessary to make sizeable out -of- pocket expenses which maybe essential to success as the intellectual skills of the attorneys. If these costs are not taxable, and the client, as is often the case, cannot afford to pay for them, they must be borne by counsel, reducing the fees award accordingly. Thus, following the reasoning adopted in upholding the award of expert witness fees, we also affirm the district courts award of travel expenses pursuant to section 1998.

Said expenses are fully itemized in the attached invoice.

**B.     Litigation Expenses Include Expert Fees**

The ADA expressly states that the prevailing party may receive "reasonable attorneys fees, including litigation expenses and costs." 42 USC § 12205. *See Lovell v. Chandler*, 303 F. 3d 1039, 1058  (9th Cir. 2002)  ("because the term 'litigation expenses' normally encompasses expert witness fees, we hold that the statutory pro vision provides

14

direct authority for the award of expert witness fees."); *Robins v. Scholastic Book Fairs,* 928 F .Supp 1027, 1036 (D. Or. 1996) (finding that litigation expenses include the costs of expert witnesses); *Ass'n for Disabled Americans, Inc., et. al. v. North Beach Plaza, Inc., supra*, (awarding expert fees of $3755.50 at $185 per hour); *Access For The Disabled, Inc. v. Scit, Inc.*, Case No. 06-2888 (N.D. Oh. 2007)(awarding $6,350 in expert fees at hourly rate of $175 for initial inspection and $200 per hour for the final inspection).

## VI. Plaintiff Is Entitled To Her Fees In Drafting The Instant Motion

Courts have widely held that civil rights plaintiffs' attorneys are entitled to compensation for their time incurred in drafting fee applications and attending fee hearings. See *Prandini v. National Tea Company*, 585 F.2d 47, 53 (3rd Cir. 1978); *Bagby v. Beal*, 606 F.2d 411, 416 (3rd Cir. 1979; *Barlow-Gresham Union High School District No. 2 v. Mitchell*, 940 F.2d 1280, 1286 (9th Cir. 1990); *Martin v. University of South Alabama*, 911 F.2d 604,610 (11th Cir. 1990); *Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986); *In re Nucorp Energy, Inc.*, 764 F.2d 655, 660-661 (9th Cir. 1985); *Johnson v. State of Mississippi*, 606 F.2d 635, 638 (5th Cir. 1979); *Gagne v. Maher*, 594 F.2d 336, 343-44 (2nd Cir. 1979); *Weisenberger v. Huecker*, 593 F.2d 49, 53-54 (6th Cir. 1979); *Lund v. Affleck,* 587 F.2d 75, 77 (1st Cir. 1978).

The instant case is a civil rights case, therefore Plaintiff is entitled to recover the fees expended in preparing this application.

As detailed in **Exhibits H, I and J**, attached hereto, Plaintiff has incurred $490.00 in filing fees and service of process costs; attorneys' fees of $1785.00 for Attorney Thomas Bacon (4.2 hours at $425/hour) and $5110.00 for Attorney Suzette Moore (14.6

15

hours at $350/hour) and expert witness fees of $600 for expert Daniel Pezza. Thus, Plaintiff's total expert fees, attorney fees, costs and litigation expenses are $7985.00.

Plaintiff's counsel below certifies that they have fully reviewed the time records and supporting data and that the motion is well grounded in fact and justified.

## CONCLUSION

For the foregoing reasons, Plaintiff is the prevailing party in this action and is entitled to recover her attorneys' fees, costs, expert fees and litigation expenses. Accordingly, Plaintiff respectfully requests that this Court enter judgment for in her favor and against Defendant PR Tahiti, LLC for a total of $7985.00 for her attorneys' fees, expert's fees, costs, and litigation expenses.

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2020, I filed the foregoing using the Court's electronic filing system, which will serve all counsel of record electronically.

*/s/Suzette M. Marteny Moore*
Suzette M. Marteny Moore
FBN 668591
**S. MOORE LAW, PLLC**
S.Moore@SMooreLaw.com
EService@SMooreLaw.com
S. Moore Law PLLC
2690 S. Combee Rd.
Lakeland, Florida 33803
863-229-2140 (T)
863-808-0586 (F)

Thomas B. Bacon Esquire
Thomas B. Bacon, P.A.
644 North Mc Donald St.
Mt. Dora, FL 32757
ph. (954) 478-7811
tbb@thomasbaconlaw.com

Florida Bar. Id. No. 139262
*Attorneys for Plaintiff*