UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:17-CV-80103-RLR

PATRICIA KENNEDY, individually,

    Plaintiff,

v.

OMEGAGAS & OIL, LLC, a Florida limited
Liability company,

    Defendant.
_____/

**DEFENDANT'S VERIFIED MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS AND EXTENSION OF TIME TO CONDUCT DISCOVERY**

Defendant, Omega Gas & Oil, LLC, by and through its undersigned counsel moves this Court for an Order Compelling the Plaintiff, Patricia Kennedy, to provide answers to deposition questions and extension of time to conduct discovery and in support thereof states as follows:

**INTRODUCTION**

Plaintiff commenced this action against Defendant on January 27, 2017 alleging violations of the Americans with Disability Act. On May 31, 2017, Defendant took the deposition of Plaintiff, Patricia Kennedy ("Plaintiff"). At the deposition, Defendant's counsel inquired about Plaintiff's relationship with Daniel Pezza ("Mr. Pezza"). A copy of the excerpts from the transcript of Plaintiff related to Daniel Pezza is attached hereto as Exhibit 1. Plaintiff stated that Mr. Pezza drove her to the deposition that morning and assisted her in the re-inspection of properties subject to ADA cases that have concluded where she was the plaintiff. *See* Ex. 1, p. 4, 7-8. Defendant's counsel asked Plaintiff about her relationship with Mr. Pezza, how she met Mr. Pezza, and for Mr. Pezza's telephone number, but Plaintiff's counsel instructed Plaintiff not to answer. *See* Ex. 1, pp. 5-7. Counsel for Plaintiff's instructions to Plaintiff to not

answer questions regarding her relationship with Mr. Pezza precluded any further questioning regarding these issues. As such, Defendant requests that the Court enter an order requiring Plaintiff to answer questions regarding her relationship with Mr. Pezza.

## MEMORANDUM OF LAW

Fed R. Civ. P. 30(c)(2) provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Moreover, it is well settled that relevancy objections cannot form the basis for instructions not to answer during a deposition. *See Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 07-22988-CIV, 2008 WL 2645680, at *7 (S.D. Fla. June 26, 2008). Clearly, it was improper for Plaintiff's counsel to instruct Plaintiff not to answer questions relating to Plaintiff's relationship with Mr. Pezza. Counsel for Defendant's specific questions and Plaintiff's responses at the deposition of Plaintiff are as follows:

Mr. Minerley: What is your relationship to Mr. Pezza?

Mr. Cullen: Don't answer that.

Ex. 1, p. 5

Counsel for Plaintiff instructed Plaintiff not to answer a question related to her relationship to Mr. Pezza and failed to assert any basis for his objection. To the extent Plaintiff's objection is to relevance, Defendant asserts that this is not a proper basis for instructing a deponent not to answer. *See* Fed. R. Civ. P. 30(c)(2). Plaintiff testified that Mr. Pezza would assist her during her re-inspection of properties subject to ADA cases that have concluded where she was the plaintiff, and thus, inquiry into Plaintiff's relationship with Mr. Pezza is relevant to determine the breadth of his involvement and knowledge of Plaintiff's allegation of being a "tester." [D.E. 1, ¶ 9].

  Mr. Minerley: How did you meet Mr. Pezza?

  Mr. Cullen: Don't answer that.

  Ex. 1, p. 6

Counsel for Plaintiff instructed Plaintiff not to answer how she met Mr. Pezza and failed to assert any basis for his objection. To the extent Plaintiff's objection is to relevance, Defendant asserts that this is not a proper basis for instructing a deponent not to answer. *See* Fed. R. Civ. P. 30(c)(2). Plaintiff testified that Mr. Pezza would assist her during her re-inspection of properties subject to ADA cases that have concluded where she was the plaintiff, and thus, inquiry into how Plaintiff met Mr. Pezza is relevant to determine the breadth of his involvement and knowledge of Plaintiff's allegation of being a "tester." [D.E. 1, ¶ 9].

  Mr. Minerley: What is his phone number?

  Mr. Cullen: Don't answer that.

  Ex. 1, p. 7.

Counsel for Plaintiff instructed Plaintiff not to provide Mr. Pezza's telephone number and failed to assert any basis for his objection. To the extent Plaintiff's objection is to relevance, Defendant asserts that this is not a proper basis for instructing a deponent not to answer. *See* Fed. R. Civ. P. 30(c)(2). Plaintiff testified that Mr. Pezza would assist her during her re-inspection of properties subject to ADA cases that have concluded where she was the plaintiff, and thus, Mr. Pezza's contact information is relevant to determine the breadth of his involvement and knowledge of Plaintiff's allegation of being a "tester." [D.E. 1, ¶ 9].

  The court has set discovery cutoff for June 16, 2017. Defendant requests an extension of time to conduct discovery so that it may take a continued deposition of Patricia Kennedy. Moreover, Rule 37(a)(5)(A), Fed. R. Civ. P. mandates that if a motion to compel is granted the

court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees and costs.  *See also Buckley Towers Condo.,* 2008 WL 2645680 at *10.  Accordingly, this Court should also award the reasonable attorney's fees and costs incurred by Defendant in filing this Motion and the attorneys' fees and court reporter fee for reconvening the deposition.    Defendant has incurred a total of $469.75 in attorneys' fees in having to bring this Motion and $135.15 in costs for expediting the transcript of Plaintiff from May 31, 2017.  A true and correct copy of the invoice from U.S. Legal Support, Inc. is attached hereto as <u>Exhibit 2</u>.  Kenneth Minerley is lead counsel for the Defendant in the above-referenced matter and has been admitted to practice law in the state of Florida since 1985.  The other attorney working on this matter is Ashley Williams, who has been admitted to practice law in the state of Florida since 2015.  In preparing this Motion, Ashley Williams expended 1.4 hours at the rate of $265.00 per hour and Kenneth Minerley expended .25 hours at the rate of $395.00 per hour.

     Wherefore, Defendant requests that the Court enter an order requiring Patricia Kennedy to answer questions regarding her relationship with Daniel Pezza.  In addition, Defendant requests that the Court order Plaintiff to pay $604.90 in attorneys' fees and costs associated with obtaining these answers and expediting the transcript from May 31, 2017, attorneys' fees for attending a hearing on this Motion, attorneys' fees and court reporter fee for reconvening the deposition, and an extension of time to conduct discovery so that the continued deposition may be taken.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has in good faith conferred with Plaintiff's counsel via telephone on ___ and ___ in an effort to resolve the issues raised in this Motion. Plaintiff's counsel_____.

## **VERIFICATION**

I, Kenneth L. Minerley, as attorney for Defendant, having first been duly sworn in accordance with law, do hereby depose and state that I have read the foregoing Motion to Compel Answers to Deposition Questions and Extension of Time to Conduct Discovery, and that the attorneys' fees and costs sought against the Plaintiff herein, with further supporting documentation attached hereto, are true and correct to the best of my knowledge and information, and that this Motion is well grounded in fact and justified.

_____

Kenneth L. Minerley

STATE OF FLORIDA

COUNTY OF PALM BEACH

SWORN to and SUBSCRIBED before me this _____ day of _____, 2017, by Kenneth Minerley who is personally known to me.

_____

Notary Public (signature)

_____

Notary Public (printed named)

My Commission expires:

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June __, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

**MINERLEY FEIN, P.A.**
Attorneys For Defendant
1200 North Federal Highway, Suite 420
Boca Raton, Florida  33432
Telephone: (561) 362-6699
Facsimile:  (561) 447-9884

By:/s/ Ashley Williams
Kenneth L. Minerley
Fla. Bar No. 0521840
ken@minerleyfein.com
Stephanie Griffin
Fla. Bar No. 85019
stephanie@minerleyfein.com
Ashley Williams
Fla Bar No. 0119632
Ashley@minerleyfein.com
Secondary E-mail:
Fileclerk@minerleyfein.com
Litigation@minerleyfein.com

Patricia Kennedy
May 31, 2017

```
 1            UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA
 2
              Case No.  9:17-cv-80103-RLR
 3

 4

     PATRICIA KENNEDY, individually,
 5
                    Plaintiff,
 6
     vs.
 7
     OMEGAGAS & OIL, LLC,
 8
                    Defendant.
 9   _____/

10

11

12

13          DEPOSITION OF PATRICIA KENNEDY
                  Pages 1 through 10
14

15

16       TAKEN ON BEHALF OF THE DEFENDANTS
               Wednesday, May 31, 2017
17              10:05 a.m. - 12:30 p.m.

18        1900 Northwest Corporate Boulevard
                    Suite 200 East
19             Boca Raton, Florida 33431

20

21

22   REPORTED BEFORE:
     ERIN C. LEHNEN, COURT REPORTER
23   NOTARY PUBLIC, STATE OF FLORIDA

24

25
                                              Exhibit 1
```

U.S. LEGAL SUPPORT
(954) 463-2933

```
 1                  APPEARANCES OF COUNSEL

 2
     ON BEHALF OF THE PLAINTIFF:
 3
         PHILIP M. CULLEN, III, ESQUIRE
 4       LAW OFFICE OF PHILIP M. CULLEN, III
         621 South Federal Highway
 5       Suite 4
         Fort Lauderdale, FL 33301
 6       954-462-0600
         Culleniii@aol.com
 7
     ON BEHALF OF THE DEFENDANTS:
 8
         KENNETH L. MINERLEY, ESQUIRE
 9       MINERLEY FEIN, P.A.
         1200 North Federal Highway
10       Suite 420
         Boca Raton, FL 33432
11       561-362-6699
         Ken@minerleyfein.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    INDEX OF EXAMINATION
 2
 3
 4                                                      PAGE
 5
     Certificate of Oath                                  9
 6   Certificate of Reporter                             10
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1              EXCERPT OF PROCEEDINGS

 2                      *****

 3   BY MR. MINERLEY:

 4       Q.   Who were you driven here by?

 5       A.   A friend of mine.

 6       Q.   Who's your friend?

 7       A.   His name is Daniel.

 8       Q.   What's his last name?

 9       A.   Pezza.

10       Q.   And how do you know Mr. Pezza?

11            MR. CULLEN:  Don't answer that.

12   BY MR. MINERLEY:

13       Q.   How do you know Mr. Pezza?

14            MR. CULLEN:  Same instruction.

15   BY MR. MINERLEY:

16       Q.   Why did you not drive here yourself?

17       A.   My van is a gas hog.  And the main reason is I
18   wanted to be on time, and I didn't want to be nervous
19   about trying to find a place and trying to get here on
20   time.  I just wanted to get here and not have that
21   stress.

22       Q.   Did Mr. Pezza pick you up at your house?

23       A.   Yes.

24       Q.   Does Mr. Pezza live with you?

25       A.   No.
```

```
 1        Q.   What is your relationship to Mr. Pezza?
 2             MR. CULLEN:  Don't answer that.
 3             MR. MINERLEY:  Mr. Cullen, that's clearly
 4        improper, instructing her not to answer about
 5        potential witnesses.
 6             MR. CULLEN:  We're not to that point.
 7             MR. MINERLEY:  I can ask her about Mr. Pezza
 8        and her relationship.  So you're instructing her
 9        not to answer?
10             MR. CULLEN:  Is there something I said that
11        wasn't clear?
12             MR. MINERLEY:  Yes.  I'm trying to understand,
13        because I'm gonna suspend this deposition and ask
14        the Court to move her to testify about Mr. Pezza.
15             MR. CULLEN:  That's fine.
16             MR. MINERLEY:  So I'm gonna ask all these
17        questions, and you can make all your objections,
18        and then I'll file my motions.
19             MR. CULLEN:  Keep your voice down.
20             MR. MINERLEY:  My voice is not high.
21             MR. CULLEN:  Let me remind you this deposition
22        is being taped.
23             MR. MINERLEY:  My voice is not high.
24   BY MR. MINERLEY:
25        Q.   Please tell me who Mr. Pezza is.
```

```
 1              MR. CULLEN:  Asked and answered.  Don't answer
 2        it.
 3   BY MR. MINERLEY:
 4        Q.   How long have you known Mr. Pezza?
 5        A.   I'm not really sure.
 6        Q.   How did you meet Mr. Pezza?
 7              MR. CULLEN:  Don't answer that.
 8   BY MR. MINERLEY:
 9        Q.   How long have you known Mr. Pezza?
10              MR. CULLEN:  Asked and answered.
11              MR. MINERLEY:  You can answer.
12              THE WITNESS:  It's been a while.  I'm not
13        really sure.
14   BY MR. MINERLEY:
15        Q.   Where does Mr. Pezza live?
16              MR. CULLEN:  Don't answer that.  Oh, wait go
17        ahead.  You can answer that, if you know.
18              THE WITNESS:  Hollywood.
19   BY MR. MINERLEY:
20        Q.   Do you know where in Hollywood?
21        A.   No.
22        Q.   Where is Mr. Pezza now?
23        A.   I have no idea.
24        Q.   Did he just drop you off?
25        A.   Yes.
```

```
 1        Q.   Okay.  Is he gonna come back and take you
 2   home?
 3        A.   Yes.
 4        Q.   And how is he gonna know to come pick you up
 5   and take you home?
 6        A.   I'm gonna call him.
 7        Q.   Do you have his phone number?
 8        A.   Yes.
 9        Q.   What is his phone number?
10             MR. CULLEN:  Don't answer that.
11                          *****
12   BY MR. MINERLEY:
13        Q.   How did you meet Mr. Duran?
14        A.   Through another friend.
15        Q.   Which friend is that?
16        A.   Daniel.
17        Q.   Daniel who?
18        A.   Pezza.
19        Q.   So is Mr. Duran a friend of Mr. Pezza?
20        A.   Yes.
21                          *****
22   BY MR. MINERLEY:
23        Q.   Has Mr. Duran ever gone with you to re-inspect
24   properties in cases that have concluded where you were
25   the plaintiff?
```

```
 1            MR. CULLEN:  Object to the form.
 2            THE WITNESS:  I don't know specifically.
 3    BY MR. MINERLEY:
 4        Q.  What about Mr. Pezza?  Is it Daniel Pezza?
 5            MR. CULLEN:  Object to the form.
 6    BY MR. MINERLEY:
 7        Q.  Has he ever gone with you?
 8        A.  These two guys help me out.  I don't know,
 9    specifically, what properties did what.
10        Q.  That's not my question.  My question is:  Have
11    they ever gone with you to re-inspect properties?
12            MR. CULLEN:  Same objection.
13            THE WITNESS:  Yes.
14            MR. MINERLEY:  Okay.
15                           *****
16            MR. MINERLEY:  All right, I'm not gonna
17        terminate the deposition.  I'm going to suspend the
18        deposition at this time, because I'm going to seek
19        a motion to compel the answers to the questions
20        your lawyer instructed you not to answer regarding
21        Daniel Pezza.
22                           *****
23                   EXCERPT OF PROCEEDINGS
24
25
```

```
1                    CERTIFICATE OF OATH

2    STATE OF FLORIDA

3    COUNTY OF PALM BEACH

4

5          I, ERIN LEHNEN, the undersigned authority,

6    certify that PATRICIA KENNEDY personally appeared

7    before me and was duly sworn.

8          Witness my hand and seal this 6th day of June,

9    2017.

10

11   [signature]

12   _____
     ERIN C. LEHNEN, COURT REPORTER
13   NOTARY PUBLIC, STATE OF FLORIDA
     Commission No:  FF054985
14   Commission Exp: September 17, 2017

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    CERTIFICATE OF REPORTER

 2    STATE OF FLORIDA

 3    COUNTY OF PALM BEACH

 4

 5           I, ERIN LEHNEN, Court Reporter and Notary

 6    Public for the State of Florida, do hereby certify that

 7    I was authorized to, and did stenographically report

 8    and transcribe the foregoing proceedings, and that the

 9    transcript is a true and complete record of my

10    stenographic notes.

11           I further certify that I am not a relative,

12    employee, attorney, or counsel of any of the parties,

13    nor am I a relative or employee of any of the parties'

14    attorney or counsel connected with the action, nor am I

15    financially interested in the action.

16           Dated this 6th day of June, 2017.

17

18           [signature]

19    _____
      ERIN C. LEHNEN, COURT REPORTER
20    NOTARY PUBLIC, STATE OF FLORIDA
      Commission No:  FF054985
21    Commission Exp: September 17, 2017

22

23

24

25
```

**B**

back 7:1

**C**

call 7:6
cases 7:24
concluded 7:24
CULLEN 7:10

**D**

Daniel 7:16, 17
Duran 7:13, 19,23

**F**

friend 7:14, 15,19

**H**

home 7:2,5

**M**

meet 7:13
MINERLEY 7:12,22

**N**

number 7:7,9

**P**

Pezza 7:18,19
phone 7:7,9
pick 7:4
plaintiff 7:25
properties 7:24

**R**

re-inspect 7:23

# INVOICE

U.S. Legal Support, Inc.
444 West Railroad Avenue
Suite 300
West Palm Beach FL  33401
Phone:561-835-0220   Fax:561-835-3583

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 120065237 | 6/8/2017 | 1579764 |
| Job Date | Case No. | |
| 5/31/2017 | CV80103RLR | |

**Case Name**

Patricia Kennedy vs. Omegagas & Oil, L.L.C.

**Payment Terms**

Due upon receipt

Kenneth Minerley, Esquire
Minerley Fein, P.A.
1200 North Federal Highway
Suite 420
Boca Raton FL  33432

ORIGINAL TRANSCRIPT OF:
    Patricia Kennedy Transcript                      11.00  Pages  @  3.65   40.15
    Half Day Per Diem                                                                  75.00   75.00
    Processing/Delivery                                               20.00   20.00

                                                                       TOTAL DUE  >>>   $135.15
                                                                       AFTER 7/23/2017  PAY   $155.42

Reference No.   :  17-1025

*Invoice not paid by due date is subject to interest of 1.5% per month. We will make reasonable efforts to allocate payments properly. U.S. Legal Support may recover any fees and costs it incurs in collecting any unpaid amounts. Any rights regarding allocations, refunds or adjustments after 90 days from payment shall be waived by payer.*

Tax ID: 76-0523238                                                                                                  Phone: 561-362-6699   Fax:561-447-9884

*Please detach bottom portion and return with payment.*

Kenneth Minerley, Esquire
Minerley Fein, P.A.
1200 North Federal Highway
Suite 420
Boca Raton FL  33432

Job No.   : 1579764       BU ID   : 53-WPB
Case No.  : CV80103RLR
Case Name : Patricia Kennedy vs. Omegagas & Oil, L.L.C.

Invoice No. : 120065237     Invoice Date : 6/8/2017
**Total Due  : $135.15**
AFTER 7/23/2017  PAY  $155.42

**PAYMENT WITH CREDIT CARD**     AMEX / MC / VISA

Cardholder's Name: _____
Card Number: _____
Exp. Date: _____ Phone#: _____
Billing Address: _____
Zip: _____ Card Security Code: _____
Amount to Charge: _____
Cardholder's Signature:

Remit To:  **U.S. Legal Support, Inc.**
               **P.O. Box 4772-12**
               **Houston TX   77210-4772**

Exhibit 2