UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| GUADALUPE BETANCOURT, Individually, | : |
| Plaintiffs, | : |
| v. | : Case No. SA10CA0017 FB |
| SIMON PROPERTY GROUP, A Foreign Corporation, | : |
| Defendant. | : |

**DEFENDANT, SIMON PROPERTY GROUP, INC'S**
**AFFIDAVIT IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

STATE OF TEXAS  §
                §
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, personally appeared the undersigned Affiant, who, after being duly sworn, did depose:

1. My name is Farrell A. Hochmuth. I am an attorney with the law firm of Baker & Hostetler, and I am an attorney for Defendant, Simon Property Group, Inc. ("Simon") in the above-styled matter. As such, I am authorized to make this Affidavit on its behalf. I am more than twenty-one (21) years of age, of sound mind, and have personal knowledge of the facts and the circumstances set forth in this Affidavit, and they are all true and correct.

2. I have been a licensed attorney in the State of Texas since 2003. I am familiar with the average and reasonable hourly rate charged by attorneys within the State of Texas.

3. As a result of Plaintiff's suit against Simon for alleged violations of the Americans with Disabilities Act and its implementing regulations, Simon was required to employ this law firm to defend it in this action.

4. In this action, Simon was sued for the alleged violations as the purported owner of the Rolling Oaks Mall. Simon placed Plaintiff on notice, however, that it was not the owner of the Rolling Oaks Mall through a number of processes. Irrespective of these facts, Simon sent Plaintiff's counsel correspondence on December 23, 2010 ("December Letter"), which undisputedly placed Plaintiff on notice that her counsel had sued the wrong party. A true and correct copy of the December Letter is attached to my Affidavit as Exhibit A-1; the attachments to the December Letter, discovery responses comprising numerous pages, are not included. Plaintiff's counsel did not respond to the December Letter. Simon is seeking attorneys' fees from the date of the December Letter forward.

Exhibit A

5. This law firm has provided services in defending Simon after the date of the December Letter that are relevant to Simon's application for attorneys' fees in this matter including designating experts, drafting and serving interrogatories, drafting and serving requests for production, drafting and serving requests for admissions, drafting supplemental designations of experts and witnesses, drafting designations of exhibits, analyzing amended complaints, researching and preparing a memorandum in opposition to Plaintiff's motion to amend and a reply, researching and preparing a motion to strike Plaintiff's untimely designated experts and witnesses and a reply, interviewing witnesses, evaluating Plaintiff's responses to Defendant's discovery requests, corresponding with Plaintiff's counsel on discovery deficiencies, preparing a motion to compel discovery responses, requests for Plaintiff's deposition, settlement negotiations and other relevant services.

6. These attorneys' fees were incurred due to the fact that Plaintiff failed to dismiss the case upon becoming aware that Plaintiff had named the wrong party. Rather, Plaintiff proceeded to attempt to amend the Complaint months beyond the deadline to amend pleadings set by the court, necessitating a Response in Opposition by Simon seeking to prevent Plaintiff from amending the Complaint. Additionally, Plaintiff continued to litigate by designating expert witnesses, fact witnesses and exhibits beyond the deadline for doing so under the Court's Amended Scheduling Order [Doc. No. 22]. Additionally, Plaintiff's counsel made claims that he had provided Simon with expert reports even though no reports were produced and the deadline to produce same had passed.

7. The services performed as of March 14, 2011, detailed below, result in reasonable attorneys' fees in the sum of $29,189 relevant to the handling of this suit on behalf of Simon. These attorneys' fees only include those incurred by Simon after it made Plaintiff's counsel aware that he had brought suit against the incorrect party per the December Letter.

| | Attorney: | Hours: | Rate: | Amount: |
|---|---|---|---|---|
| a. | Farrell A. Hochmuth | 24.3 | $375.00 | $9,112.50 |
| b. | Brian C. Blair | 35.4 | $420.00 | $14,868.00 |
| c. | Michelle Benavides | 8.5 | $375.00 | $3,187.50 |
| d. | Jacob R. Stump | 8.6 | $235.00 | $2,021.00 |

8. I estimate that I have spent and will spend an additional 10 hours in researching authorities in support of and drafting Simon's Motion for Attorneys' Fees and drafting and researching any necessary Reply to Plaintiff's Response, and that Brian C. Blair will spent an additional 5 hours in researching authorities in support of and drafting Simon's Motion for Attorneys' Fees and any necessary Reply between March 15, 2011 and when the Court rules on Simon's Motion.

| | | | | |
|---|---|---|---|---|
| a. | Farrell A. Hochmuth | 10 | $375.00 | $3750.00 |
| b. | Brian C. Blair | 5 | $420.00 | $2100.00 |

9. The total sum of reasonable and necessary attorneys' fees that Simon seeks is $35,039.00. Only

attorneys' fees incurred after the date of the December Letter were included. Both the number of hours spent and the hourly rates per lawyer are fair and reasonable. The hours expended were actually expended on the topics stated. *See* Exhibit A-4, attached hereto.

10. If Simon's Motion for Attorneys' Fees is granted, and an appeal is taken, it is my opinion that a reasonable amount of attorneys' fees that Simon will incur through the court of appeals level will be $10,000.00 and, if a petition for review is filed with the Texas Supreme Court, an additional $8,000.00

11. The experience, reputation and ability of attorneys' involved are set forth below. These include:
    - Brian Blair - Partner. Licensed since 1993. Extensive experience with commercial litigation and national practice involving Title III of the Americans with Disabilities Act. A copy of Mr. Blair's CV is attached to this Affidavit as Exhibit A-2.
    - Farrell A. Hochmuth – Senior Associate – Licensed since 2003. Experience with commercial litigation, and also has experience with cases under Title III of the Americans with Disabilities Act. A copy of my CV is attached to this Affidavit as Exhibit A-3.
    - Michelle Benavides - Junior Associate- Licensed since 2005.
    - Jacob R. Stump - Junior Associate- Licensed since 2005.

12. Pursuant to the terms of 42 U.S.C. §12205 and 28 U.S.C. §1927, Simon is entitled to recover its reasonable attorneys' fees from Plaintiff.

13. Applying the factors set forth in Texas State Bar Rule 1.04(b) regarding attorney's fees, I believe that the amount of fees being sought by Simon is reasonable and necessary:

    a. The work done by the firm on the file was necessary, customary and reasonable. The issues raised presented some degree of skill to understand, and explain the factual and legal background. These attorneys' fees, as described above, were necessitated by Plaintiff's continued prosecution of the case after her counsel became aware that the wrong party had been named in this action.

    b. Personnel assigned to the file were appropriate and reasonable. This file was primarily staffed by a partner, who specializes in this area, a senior associate to oversee the file, and when applicable junior associates. The partner handled many of the oversight issues and settlement discussions and the senior and junior associates handled many research and drafting issues.

    c. The time spent on this matter could not be spent on other matters. Baker & Hostetler attorneys were unable to work on other matters during the time spent on this matter. There was other work that the attorneys were precluded from handling while working on this matter.

    d. The fees charged for the persons assigned are reasonable and well in the range of rates customarily charged by attorneys in this area with similar experience.

  e. The dispute involved the identification of any barriers to access followed by an analysis of the ability and costs to remove any such barriers. Given the issues in dispute, the fees of Baker & Hostetler LLP are reasonable.

  f. The time spent was necessary given the issues raised and the potential risks associated. I believe that Baker & Hostetler LLP has been economical and efficient given the issues involved.

  g. Baker & Hostetler LLP represents Simon in many matters. Baker & Hostetler LLP has a good relationship with Simon and it is anticipated that this relationship will continue in the future.

  h. The fee is not contingent but based upon hourly agreement with the client. These are the fees that the client has negotiated with us.

14. Exhibit A-4 to this Affidavit a "supporting document organized chronologically by activity or project, listing attorney name, date, and hours expended on the particular activity or project..." as required by Local Rule CV-7(i)(1). Pursuant to Western District of Texas Local Rule CV-7(i)(1), Simon will provide detailed time sheets for each attorney for whom fees are claimed upon order of the Court.

Further Affiant sayeth naught.

_____
Name

**SWORN TO AND SUBSCRIBED** before me this 23rd day of March, 2011 by Farrell A. Hochmuth, who is personally known to me.

_____
Notary Public, in and for the State of Texas

MANDY VAN HORN
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MAY 31, 2014

Page 4