UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OWEN HARTY,

    Plaintiff,        Case No.: 6:10-cv-1333-ORL-28GKJ

v.

MAL-MOTELS, INC.,

    Defendant.
_____/

**AFFIDAVIT OF DARREN J. ELKIND, ESQ., IN SUPPORT OF
DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES & COSTS**

STATE OF FLORIDA   )
                              ) ss.
COUNTY OF VOLUSIA  )

    **DARREN J. ELKIND,** being duly sworn upon his oath, deposes and says, that:

    1.    I have been licensed to practice law by the Florida Bar since 1995, admitted to practice before the United States District Court for the Middle District of Florida since 1995, and have been admitted to practice before the United States Court of Appeals for the Eleventh Circuit since 1996.

    2.    I am board certified as a civil trial specialist by the Florida Bar, and have been so certified since 2008.

    3.    Although I do not handle ADA cases, I am familiar with the issues involved in such cases as my commercial clients have on past occasions had to defend such actions. Moreover, I routinely handle civil cases in both State and Federal courts, and I am well aware of the level of expertise, time and effort required to handle such matters. I am also familiar with the usual and customary rates charged in the central Florida area.

4. The hourly rates being charged by Defendant's counsel ($200.00 per hour from the inception of the case through April 01, 2012 and $260.00 per hour thereafter) are actually below what I would consider to be a reasonable hourly rate. A more typical hourly rate for someone of the Defendant's counsel's experience would be $350.00 per hour.

5. I have reviewed the Defendant's counsel's billing statements and find that all of the time was reasonably expended in the defense of the case with one exception. The time entry on June 13, 2012 included two trips to view the subject hotel – the second trip being necessitated by difficulty with the Defendant's keys. While it is reasonable for the Defendant's attorney to personally inspect the facility, having to do it twice because for this reason should not be charged to the Plaintiff. As such, I would reduce the total time billed of 23.9 hours by .9 hours, for a total number of hours of 23. It certainly would have been reasonable for an attorney to have spent significantly more time in the defense of this case, but it is obvious from reviewing the correspondence in the file that the Defendant was requesting that its attorney keep the billing to a minimum.

6. Based upon the foregoing, I find that $19,000.00 is a reasonable fee for the services of the Defendant in this matter.

_____
DARREN J. ELKIND

The foregoing instrument was subscribed and sworn to before me this 30th day of July, 2012, by DARREN J. ELKIND, who is <u>personally known to me</u> or who has produced the following form of identification: _____ and who did take an oath.

_____
Kaylyn Komejan
NOTARY PUBLIC, State of Florida
My Commission No.
My Commission expires:

NOTARY PUBLIC-STATE OF FLORIDA
Kaylyn Komejan
Commission # EE128555
Expires: SEP. 08, 2015
BONDED THRU ATLANTIC BONDING CO., INC.