UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-62264-SINGHAL/VALLE

PATRICIA KENNEDY,

      Plaintiff,

      v.

PR TAHITI LLC
a Limited Liability Company,

      Defendant.

_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff's Amended Verified Application for Attorney's Fees, Costs, Expert Fees, and Litigation Expenses (ECF No. 21) (the "Motion"). Plaintiff was represented by attorneys Thomas Bacon and Suzette Marteny Moore in connection with the default judgment entered in favor of Plaintiff and against Defendant PR Tahiti LLC ("Defendant"). *See generally* (ECF No. 21). United States District Judge Raag Singhal has referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 22). The deadline for responding has passed and Defendant has failed to respond to the Motion.

Accordingly, having reviewed the Motion, and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **GRANTED IN PART**. As discussed below, the undersigned recommends that Plaintiff be awarded a total of $6,895 in fees and $1,065 in costs.

## I.  <u>BACKGROUND</u>

Plaintiff has alleged violations of the Americans with Disabilities Act (the "ADA") and requested injunctive relief.  *See generally* (ECF No. 1).  Despite having been served, Defendant did not appear in this action or otherwise respond to the Complaint.  *See* (ECF No. 9).  Consequently, on March 5, 2020, the District Court granted Plaintiff's motion for default judgment and entered a final judgment in favor of Plaintiff and against Defendant.  *See* (ECF No. 18).  The instant Motion followed.  In the Motion, Plaintiff requests a total of $6,895 in attorney's fees, $490 in filing and service of process costs, and $600 in expert fees.[1]  (ECF No. 21 at 15).

## II.  <u>DISCUSSION</u>

### A.  Entitlement to Attorney's Fees

Under the "American Rule," litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute or contract.  *See, e.g.*, *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005).  In this case, 42 U.S.C. § 12205 governs remedies for litigants who bring actions under the ADA.  Pursuant to this provision, the court has the discretion to allow the prevailing party (other than the United States) reasonable attorney's fees, including litigation expenses and costs.  42 U.S.C. § 12205.  Accordingly, as the prevailing party by default final judgment, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.   *See* (ECF Nos. 18 and 21 at 4).

### B.  The Lodestar Method of Determining Reasonable Fees

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services.  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney

---

[1] The attorney's fees amount is the sum of $1,785 for attorney Bacon and $5,110 for attorney Moore. (ECF No. 21 at 15).

reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, 12-24356-CIV, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

## 1.       Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)). The relevant market is "the place where the case is filed." *ACLU*, 168 F.3d at 427 (quotation marks and citation omitted).

Here, the relevant legal community is South Florida. Plaintiff seeks an award for legal services by attorneys Thomas Bacon and Suzette Marteny Moore. *See* (ECF Nos. 21 at 6 and 21-8 at 1). Attorney Bacon has been practicing law since 1989, with approximately 30 years of experience, and bills at an hourly rate of $425. (ECF Nos. 21 at 6 and 21-8 at 1). He is admitted to practice law

in several Districts and Courts of Appeal across the country. *Id.* Moreover, attorney Bacon has handled hundreds of Title III ADA actions. (ECF No. 21 at 6).

Attorney Moore has been practicing law since 2003, with approximately 17 years of experience, and bills at $350 an hour. (ECF Nos. 21 at 6-7 and 21-9 at 1). She is admitted to practice law in the District Courts of Florida and Colorado, the Eleventh Circuit, the U.S. Court of Claims, and is a registered patent attorney with the U.S. Patent and Trademark Office. (ECF Nos. 21 at 7 and 21-9 at 1). Attorney Moore has successfully handled multiple Title III ADA cases. (ECF No. 21-9 at 1).

In determining reasonable hourly rates in the relevant legal market, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).[2]

The Court has considered the relevant *Johnson* factors, and has reviewed counsel's affidavits, the time records and submissions attached to the Motion, and the record in this case. *See generally* (ECF No. 21); *see also* (ECF No. 24) (Plaintiff's Notice of Previously Awarded Fees and Costs). Based on this review, and the Court's own judgment and expertise, the Court finds that $425 and $350 are reasonable hourly rates for attorneys Bacon and Moore, respectively. Accordingly, the undersigned recommends that counsel be compensated at those rates. *See also* (ECF No. 24)

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

(Plaintiff's Notice of Previously Awarded Fees and Costs) (collecting cases where attorney Bacon and co-counsel were awarded comparable hourly rates).

### 2.      Reasonable Hours Expended

Having determined the reasonable hourly rates, the undersigned next addresses the reasonableness of the hours expended by the attorneys working on the case.  As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman,* 836 F.2d at 1301 (quotations and citations omitted).

Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU*, 168 F.3d at 428.  The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action.  *Id.* at 427, 432-33.  In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court."  *Norman*, 836 F. 2d at 1301.

The Court has reviewed counsel's billing records.  *See* (ECF No. 21-9 at 3-5).  The billing records adequately include dates, description of work, and the number of hours spent on each task. *Id.*  Counsel also notes that attorney Bacon expended 4.2 hours and attorney Moore expended 14.6 hours.  (ECF No. 21 at 15).  Based on  a review of the billing records, the undersigned finds that the hours are reasonable and Plaintiff should be fully compensated for the attorney hours expended on this case.

### C.      Costs

Under 42 U.S.C. §12205 reasonable costs are recoverable.  The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, but the Court may not tax as costs

anything not authorized by the statute.  *See, e.g., Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987).  Here, Plaintiff requests reimbursement for $1,090 in costs.  (ECF No. 21 at 15).  This amount reflects payments made by Plaintiff for filing fees ($400), service of process fees ($90), and expert witness fees ($600).  (ECF Nos. 21 at 15, 21-9 at 4, and 21-10).

### 1.  Clerk Costs

Pursuant to 28 U.S.C. § 1920(1), the Court determines that an award of $400 for filing the Complaint is recoverable.  (ECF No. 21-10 at 1).

### 2.  Service of Process

28 U.S.C. § 1920(1) also permits the court to award fees for private process fees, so long as they do not exceed the fees permitted by the statute.  *Monelus v. Tocodrian, Inc*., 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009).  Here, Plaintiff requests $90 for service of process.  (ECF No. 21-10 at 3).  The Court, however, is guided by the statutory limits set forth in 28 C.F.R. § 0.114, which provides that fees charged by the United Sates Marshals Service for personal service of process are $65 per hour.  *See also Monelus*, 609 F. Supp. 2d at 1333.  Consequently, the undersigned recommends awarding Plaintiff  the reduced amount of $65 for the cost of service of process (i.e., a $25 reduction).

### 3.  Expert Fees

Expert fees, like attorney's fees, may be awarded in ADA cases, but only if a court determines that they are reasonable.  *See, e.g., Harty v. Mal-Motels, Inc.*, No. 6:10-cv-1333-Orl-28GJK, 2012 WL 6541873, at *8 (M.D. Fla. Nov. 26, 2012) (noting that costs are recoverable as litigation expenses in an ADA action).  Here, Plaintiff seeks $600 in expert witness fees.  (ECF Nos. 21 at 15 and 21-10 at 4).  Although Plaintiff fails to indicate the specific tasks undertaken by the expert or the exact amount of time it took to inspect the property, Plaintiff submitted an invoice to support the claimed expert fee.  (ECF No. 21-10 at 4).  In addition, the Notice of Previously Awarded Fees lists

other cases in this District where Courts have approved $600 in expert fees. *See generally* (ECF No. 24) (listing expert fee awards in numerous cases). Accordingly, the undersigned recommends that Plaintiff be awarded $600 in expert fees.

## III.  <u>RECOMMENDATION</u>

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Amended Verified Application for Attorney's Fees (ECF No. 21) be **GRANTED IN PART**. Plaintiff should be awarded a total of $6,895 in fees and $1,065 in costs.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on December 3, 2020.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
   All Counsel of Record